JOSE ANGEL GARCIA, APPELLANT, V. PLATTE VALLEY
CONSTRUCTION CO. AND UNITED STATES FIDELITY
AND GUARANTY COMPANY, APPELLEES.
727 N.W.2d 698

Filed January 30, 2007.   No. A-06-490.

Samuel W. Segrist, of Meister & Segrist, P.C., L.L.O., for appellant.

John K. Sorensen, of Sorensen, Mickey & Hahn, P.C., for appellees.

INBODY, Chief Judge, and IRWIN and MOORE, Judges.

INBODY, Chief Judge.

## INTRODUCTION

Jose Angel Garcia appeals from the judgment of the review panel of the Nebraska Workers' Compensation Court affirming the trial court's denial of Garcia's motion for waiting-time

penalties and attorney fees. For the reasons set forth herein, we dismiss the appeal and the cause is remanded with directions.

## STATEMENT OF FACTS

Garcia injured his back while working for Platte Valley Construction Co. (Platte Valley) on August 7, 1995. Garcia was awarded temporary partial disability benefits and past and future medical benefits by the Nebraska Workers' Compensation Court on October 24, 1996. Garcia filed an application for modification of the award on January 31, 2000. On December 28, the trial court entered a further award ordering Platte Valley to pay Garcia's pending medical expenses.

On December 17, 2004, an "Application for Approval of Compromise and Final Lump Sum Settlement" was filed in the compensation court. The application indicated that the parties had jointly stipulated and agreed that Garcia would accept payment in the amount of $135,000 "in a lump sum, in full and complete satisfaction and payment of any and all claims for compensation or benefits which [Garcia] has or may have or may claim to have."

The only paragraph of the application that is relevant to the instant case is paragraph 9, which indicated that Garcia was a Medicaid recipient and that the "lump sum settlement [would be] subject to the requirement for a Medicare Set Aside Agreement and set aside allocation in the amount of $8,487.05." This sum was to be paid from the $135,000 lump sum received by Garcia. Paragraph 9 of the application also indicated that Garcia had "received, and will execute an agreement setting forth the terms and conditions for beneficiary administered Medicare set-aside account, and provide a copy of the same to [the Centers for Medicare & Medicaid Services]."

On January 12, 2005, the compensation court entered an order approving the parties' lump-sum settlement application. Specifically, the court ordered that the parties' application "is hereby approved" and that "[u]pon performance of the terms of such application, and the payment of $135,000.00, [Platte Valley and its] successors and assigns shall be discharged from all further liability on account of the accident and injuries of August 7, 1995."

On March 14, 2005, Garcia filed a motion for waiting-time penalties and attorney fees. In his motion, Garcia claimed, "Thirty days from January 12, 2005 was Friday, February 11, 2005. As of this date none of the settlement proceeds owed by [Platte Valley] had been paid to [Garcia] or [his] counsel." Further, the motion alleged, "By February 17, 2005 no settlement proceeds had . . . been received by [Garcia] or [his] counsel. [His] counsel on February 17, 2005 and February 18, 2005 sent correspondence to counsel for [Platte Valley] requesting that the settlement checks be delivered to [Garcia's] counsel." Garcia alleged that on February 21, his attorney received a letter from Platte Valley's attorney indicating that Platte Valley's attorney had the checks, and that on February 22, Garcia's attorney delivered a letter to Platte Valley's attorney asking that the checks be delivered. The checks were delivered by Platte Valley on February 23.

On April 4, 2005, Platte Valley filed an objection to Garcia's motion for waiting-time penalties and attorney fees. In its objection, Platte Valley asserted that the parties' application to approve the lump-sum settlement "included a provision obligating [Garcia] to execute a Medicare set-aside agreement, and to provide the same to the Centers for Medicare and Medicaid Services . . . for . . . approval" and that "[p]aragraph IX of the [application] specifically made these requirements part of the [application]." The objection further stated, "By letter dated February 16, 2005, [Garcia's] counsel sent to [Platte Valley's] counsel a copy of the set-aside agreement and other documents to be executed by [Garcia]. The set-aside agreement contained blanks and was purportedly signed by [Garcia] on September 24, 2004." Platte Valley asserted that it had not received documentation from Garcia regarding approval by the Centers for Medicare & Medicaid Services (CMS) of the set-aside agreement in a timely fashion, that it received this documentation on February 22, 2005, and that payment was provided to Garcia on February 23.

On April 5, 2005, a hearing was had on Garcia's motion for waiting-time penalties and attorney fees. On April 22, the trial court entered an order overruling Garcia's motion. Specifically, the trial court held as follows:

I read the application and [the] order which approved [the application] to be "subject to the requirement for a Medicare Set Aside Agreement" which at the time of the order of January 12, 2005, had not been approved by CMS. Although counsel for both parties may have believed the Workers' Compensation Medicare Set-Aside Arrangement [(WCMSA)] had been approved, in fact, it was not until February 17, 2005 . . . . That correspondence from CMS provided in bold-face **"Approval of this WCMSA is not effective until a copy of the final executed workers' compensation settlement agreement, which must include this approved WCMSA amount, is received by CMS at the following address[.]"** Counsel for [Platte Valley] forwarded the application and order approving the lump sum settlement, which included the approved WCMSA amount, to CMS on February 22, 2005 . . . . [Platte Valley's] counsel then caused the settlement checks to be hand-delivered to [Garcia's] counsel's office on February 23, 2005 . . . .

I find the Order Approving Compromise and Final Lump Sum Settlement of January 12, 2005, was a "conditional order" because it was "subject to" approval of the WCMSA by CMS. Conditional orders are generally void. Maddux v. Maddux, 239 Neb. 239, 475 N.W.2d 524 (1991); County of Sherman v. Evans, 247 Neb. 288, 526 N.W.2d 232 (1995); Lyle v. Drivers Mgmt., 12 Neb.App. 350, 673 N.W.2d 237 (2004). Even if it were creatively argued that [that] order was an exception to the general rule because it was based upon a future condition which was met, the condition—approval by CMS—was not met until February 17, 2005, and payment occurred February 23, 2005, well within 30 days of the occurrence of the condition which made the conditional order final. Either way, [Garcia's] Motion for Waiting Time Penalty, Attorney Fee, and Interest is denied.

On May 5, 2005, Garcia filed an application for review with the review panel for the Nebraska Workers' Compensation Court. On April 3, 2006, the review panel entered its order affirming the judgment of the trial court overruling Garcia's motion for

waiting-time penalties and attorney fees. Garcia has timely appealed to this court.

## ASSIGNMENTS OF ERROR

Garcia alleges that the review panel erred when it affirmed the trial court's finding that the trial court's order approving the parties' lump-sum settlement application was a conditional order and when it affirmed the trial court's decision overruling Garcia's motion for waiting-time penalties and attorney fees.

## STANDARD OF REVIEW

Pursuant to Neb. Rev. Stat. § 48-185 (Reissue 2004), an appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Bixenmann v. H. Kehm Constr.*, 267 Neb. 669, 676 N.W.2d 370 (2004). Upon appellate review, the findings of fact made by the trial judge of the compensation court have the effect of a jury verdict and will not be disturbed unless clearly wrong. *Id.*

## ANALYSIS

Garcia first alleges that the review panel committed error when it affirmed the trial court's order finding that the January 12, 2005, order approving the parties' lump-sum settlement application was a conditional order.

In its order overruling Garcia's motion for waiting-time penalties and attorney fees, the trial court found as follows:

> I read the application and [the] order which approved [the application] to be "subject to the requirement for a Medicare Set Aside Agreement" which at the time of the order of January 12, 2005, had not been approved by CMS. Although counsel for both parties may have believed the Workers' Compensation Medicare Set-Aside Arrangement [(WCMSA)] had been approved, in fact, it was not until February 17, 2005 . . . . That correspondence from CMS provided in bold-face "**Approval of this**

WCMSA is not effective until a copy of the final executed workers' compensation settlement agreement, which must include this approved WCMSA amount, is received by CMS at the following address[.]" Counsel for [Platte Valley] forwarded the application and order approving the lump sum settlement, which included the approved WCMSA amount, to CMS on February 22, 2005 . . . . [Platte Valley's] counsel then caused the settlement checks to be hand-delivered to [Garcia's] counsel's office on February 23, 2005 . . . .

I find the Order Approving Compromise and Final Lump Sum Settlement of January 12, 2005, was a "conditional order" because it was "subject to" approval of the WCMSA by CMS.

A "judgment" is a court's final consideration and determination of the respective rights and obligations of the parties to an action as those rights and obligations presently exist. *Strunk v. Chromy-Strunk*, 270 Neb. 917, 708 N.W.2d 821 (2006). Thus, orders purporting to be final judgments, but that are dependent upon the occurrence of uncertain future events, do not operate as "judgments" and are wholly ineffective and void as such. *Id.* These "conditional judgments" are not final determinations of the rights and obligations of the parties as they presently exist, but, rather, look to the future in an attempt to judge the unknown. *Id.* A conditional judgment is wholly void because it does not "perform in praesenti" and leaves to speculation and conjecture what its final effect may be. *Id.*

We find that the trial court's reading of the parties' application for approval of their lump-sum settlement was not clearly wrong. The application contains conditional language in that it indicates that "this lump sum settlement will be subject to the requirement for a Medicare Set Aside Agreement" and that Garcia "has received, and will execute an agreement setting forth the terms and conditions for beneficiary administered Medicare set-aside account, and provide a copy of the same to CMS." The record clearly indicates that this set-aside agreement was not completed by the time the January 12, 2005, order was entered; in fact, it does not appear that the set-aside agreement was completed until more than a month after the January 12

order was entered. In a letter dated February 17, 2005, CMS indicated that CMS had "determined that $8,487.00 adequately considers Medicare's interests." There is nothing in the record to indicate that CMS had approved the set-aside agreement prior to February 17.

Accordingly, we find that the trial court properly found that the January 12, 2005, order approving the parties' lump-sum settlement application was a conditional order. Because that order did not "perform in praesenti," we further find that the January 12 order was wholly void. That order does not operate as a final judgment, and it is wholly ineffective as such. Therefore, we find that the instant appeal must be dismissed for lack of a final, appealable order and that the proper resolution is to remand to the review panel for remand to the trial court for entry of a final order in this case.

## CONCLUSION

Because we agree with the trial court that the January 12, 2005, order was a void conditional order, we dismiss the instant appeal and remand the cause back to the review panel for remand to the trial court for entry of a final order in the instant case.

APPEAL DISMISSED, AND CAUSE
REMANDED WITH DIRECTIONS.