767 N.W.2d 746 (2009)
278 Neb. 49
Arleen M. WEBER, Appellant and Cross-Appellee,
v.
GAS `N SHOP, INC., and Employers Mutual Companies, Appellees and Cross-Appellants.
No. S-08-1105.
Supreme Court of Nebraska.
July 2, 2009.
*747 Jerold V. Fennell and Michael J. Dyer, of Dyer Law, P.C., L.L.O., Omaha, for appellant.
Jeffrey J. Blumel and Tyler P. McLeod, of Abrahams, Kaslow & Cassman, L.L.P., Omaha, for appellees.
HEAVICAN, C.J., GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
STEPHAN, J.
This appeal presents legal issues decided *748 in Allen v. Immanuel Med. Ctr.[1] Applying the principles of that case, we conclude that the workers' compensation award which is the subject of this appeal was not dormant when garnishment proceedings were commenced. We therefore reverse, and remand for further proceedings.

BACKGROUND
Arleen M. Weber filed a workers' compensation action alleging that she sustained a compensable injury to her right knee while employed by Gas `N Shop in March 1991. On September 22, 1993, the Workers' Compensation Court entered an award which was affirmed by a review panel on February 25, 1994. Weber was awarded benefits of $255 per week for temporary total disability from September 1, 1992, through September 1, 1993, "and thereafter and in addition thereto a like sum per week for so long in the future as [she] remains temporarily totally disabled." The award further provided that "[w]hen [Weber] reaches maximum medical improvement, she shall be entitled to the statutory amounts for any residual disability."
Weber filed the compensation award with the district court for Douglas County on May 16, 2008. On June 10, she commenced a garnishment proceeding against UMB Bank, alleging it held funds belonging to Employers Mutual Companies (EMC), which was the workers' compensation insurer for Gas `N Shop at the time of Weber's injury. In the garnishment proceeding, Weber claimed that $184,875 was due on the compensation award.
EMC and Gas `N Shop filed a motion to dismiss the garnishment proceeding. In their motion, they asserted seven defenses: (1) The compensation award was a conditional judgment and wholly void; (2) the compensation award was dormant; (3) EMC and Gas `N Shop had complied with all the terms of the award; (4) Weber's claim was barred by the statute of limitations; (5) Weber's claim was barred by res judicata and issue preclusion; (6) Weber's claim was barred by estoppel, laches, acquiescence, inexcusable neglect, and unclean hands; and (7) Weber's claim violated the rights of EMC and Gas `N Shop to due process.
An evidentiary hearing was held on the motion to dismiss. The evidence received at the hearing established that EMC received a letter from Weber's treating physician dated March 9, 1994, in which the physician indicated that Weber had reached maximum medical improvement as of his last examination on January 18, 1994. The physician gave Weber a 10percent permanent disability rating to her right lower extremity. Upon receipt of this information, EMC sent Weber's attorney a draft in the amount of $18,396.47, representing 72 1/7 weeks of temporary total disability benefits from September 1, 1992, through January 18, 1994. EMC also sent Weber's attorney a draft in the amount of $2,550, representing 10 weeks of permanent partial disability benefits for the period of January 19 through March 29, 1994. In its transmittal letter, EMC indicated that it would continue to pay permanent partial disability benefits at the rate of $255 per week for an additional 11½ weeks, based upon the 10-percent disability rating.
EMC subsequently received a second report from Weber's treating physician, dated March 31, 1995, indicating that he had seen Weber again for continued problems with her knee, but that she had reached maximum medical improvement. The physician revised Weber's disability *749 rating to 20 percent. Upon receipt of this report, EMC sent another letter to Weber's attorney setting forth the additional benefits it would pay to Weber. In total, EMC paid Weber $18,396.47 in temporary total disability benefits for the period of September 1, 1992, through January 18, 1994; $5,500.61 in permanent partial disability benefits for the period of January 19 through June 18, 1994; $5,100 in temporary total disability benefits for the period of July 15 through December 1, 1994; and $5,464.40 in permanent partial disability benefits for the period of December 2, 1994, through April 30, 1995. EMC also paid various medical and hospital expenses incurred by Weber between 1993 and 2008.
From the time of the final payment of disability benefits to Weber in April 1995 until January 2008, neither Weber nor her attorney contacted EMC to dispute the amount of benefits paid pursuant to the award. In January 2008, Weber's attorney advised EMC that Weber was claiming additional disability benefits, penalties, interest, and attorney fees, pursuant to the 1993 award.
The district court granted EMC's motion to dismiss the garnishment proceeding. The court reasoned that the workers' compensation award became dormant pursuant to Neb.Rev.Stat. § 25-1515 (Reissue 2008) in April 2000, 5 years after the last payment to Weber was made, and that it had not been revived by the Workers' Compensation Court. The court did not address any of the other defenses asserted in the motion to dismiss.
Weber perfected this timely appeal, and we granted her petition to bypass the Court of Appeals.

ASSIGNMENTS OF ERROR
Weber assigns, restated and consolidated, that the district court erred as a matter of law when it held that the compensation award became dormant pursuant to § 25-1515 and when it held that revival of the compensation award must occur in the Workers' Compensation Court.
EMC and Gas `N Shop cross-appeal, assigning that the trial court erred in failing to find that the compensation award was a conditional judgment and thus was wholly void and unenforceable. EMC and Gas `N Shop also argue that we can affirm the district court's dismissal of the garnishment proceeding based on any of the defenses they raised to the district court.

STANDARD OF REVIEW
[1, 2] Statutory interpretation is a question of law.[2] When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusions reached by the trial court.[3]

ANALYSIS

AWARD WAS NOT VOID
[3-5] In their cross-appeal, EMC and Gas `N Shop argue that the compensation award was void ab initio as a conditional judgment. A conditional judgment is an order purporting to be a final judgment which is dependent upon the occurrence of uncertain future events.[4] Such a judgment *750 is wholly void because it does not perform in praesenti and leaves to speculation and conjecture what its final effect may be.[5] Weber's workers' compensation award performed in praesenti because it required immediate payment of temporary total disability benefits in the amount of $255 per week. The award was not void as a conditional judgment or order.
[6] EMC and Gas `N Shop also argue in their cross-appeal that the award is not sufficiently definite so as to be enforceable through garnishment. In Lenz v. Lenz,[6] we held that a judgment for money must specify with definiteness and certainty the amount for which it is rendered and that where external proof and another hearing are necessary to establish the existence or extent of a party's liability to permit execution, the judgment is not enforceable. The judgment in Lenz required a spouse to pay the costs of his hearing-impaired child's special schooling and was not more definite as to the amounts. Here, however, the award is quite different. It clearly awards temporary total disability benefits of $255 per week, followed by statutory benefits for any residual disability after Weber reached maximum medical improvement. We conclude that the award is sufficiently definite and certain to be enforceable.

AWARD WAS NOT DORMANT
[7, 8] The district court concluded that the award became dormant in April 2000, 5 years after the last payment of benefits. We held in Allen v. Immanuel Med. Ctr.[7] that the date on which a workers' compensation award is filed in a district court pursuant to Neb.Rev.Stat. § 48-188 (Cum. Supp. 2008) is the date of the judgment for purposes of computing when the judgment becomes dormant under § 25-1515. Here, the workers' compensation award was filed in the district court on May 16, 2008, and it was not dormant when the garnishment proceeding was commenced less than a month later.

OTHER DEFENSES
[9] As noted, EMC and Gas `N Shop sought dismissal of the garnishment proceeding based upon several alternative theories of defense. In addition to those defenses which we have discussed, EMC and Gas `N Shop contended that they had fully complied with all terms of the award, that the garnishment proceeding was barred by the statute of limitations, and that the doctrines of res judicata, issue preclusion, estoppel, laches, acquiescence, inexcusable neglect, and unclean hands barred the garnishment proceeding. EMC and Gas `N Shop also alleged that garnishment would violate their due process rights, in that Weber relied on certain court decisions which postdated her award. In this appeal, EMC and Gas `N Shop contend that this court can rely upon any of these defenses as an alternative ground for affirming the judgment of the district court. Weber, however, argues that we should not consider these issues, because they were not decided by the district court and not raised by cross-appeal.
[10, 11] An appellate court will not consider an issue on appeal that was not presented to or passed upon by the trial court.[8] An appellee's argument that a lower court's decision should be upheld on grounds specifically rejected below constitutes *751 a request for affirmative relief, and the appellee must cross-appeal in order for that argument to be considered.[9] Here, the alternative defenses were presented to the district court, but the court did not reach or decide their merits. Accordingly, there was no ruling on these defenses from which a cross-appeal could have been taken. In order to preserve each party's right to meaningful appellate review of issues presented to but not decided by the district court, we decline to decide such issues in the first instance. Instead, we remand to the district court with directions to consider and decide whether the garnishment proceeding is barred by any of the alternative defenses asserted by EMC and Gas `N Shop. This determination should be made on the existing record, unless the parties agree that the record may be reopened and expanded. We express no opinion as to the merit of any of the defenses.

CONCLUSION
For the reasons discussed, we reverse the judgment of the district court and remand for further proceedings as directed in this opinion.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
WRIGHT, J., participating on briefs.
CONNOLLY, J., not participating.
NOTES
[1] Allen v. Immanuel Med. Ctr., 278 Neb. 41, 767 N.W.2d 502 (2009).
[2] In re Estate of Chrisp, 276 Neb. 966, 759 N.W.2d 87 (2009); In re Interest of Devin W. et al., 270 Neb. 640, 707 N.W.2d 758 (2005).
[3] Gavin v. Rogers Tech. Servs., 276 Neb. 437, 755 N.W.2d 47 (2008); New Tek Mfg. v. Beehner, 275 Neb. 951, 751 N.W.2d 135 (2008).
[4] See, Strunk v. Chromy-Strunk, 270 Neb. 917, 708 N.W.2d 821 (2006); Garcia v. Platte Valley Constr. Co., 15 Neb.App. 357, 727 N.W.2d 698 (2007).
[5] Id.
[6] Lenz v. Lenz, 222 Neb. 85, 382 N.W.2d 323 (1986).
[7] Allen v. Immanuel Med. Ctr., supra note 1.
[8] Walsh v. State, 276 Neb. 1034, 759 N.W.2d 100 (2009).
[9] Wasikowski v. Nebraska Quality Jobs Bd., 264 Neb. 403, 648 N.W.2d 756 (2002).