IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

HEIMES V. CEDAR COUNTY

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

MICHAEL AND CEIL HEIMES, APPELLANTS,

v.

CEDAR COUNTY, A POLITICAL SUBDIVISION OF THE STATE OF NEBRASKA, APPELLEE.

MICHAEL AND CEIL HEIMES, APPELLANTS,

v.

DENNIS AND MARY ARENS, APPELLEES.

Filed April 5, 2016.    Nos. A-15-646, A-15-650.

Appeals from the District Court for Cedar County: PAUL J. VAUGHAN, Judge. Appeals dismissed.

Douglas J. Stratton and Thomas H. DeLay, of Stratton, DeLay, Doele, Carlson & Buettner, P.C., L.L.O., for appellant.

Charles W. Campbell, of Angle, Murphy & Campbell, P.C., L.L.O., for appellee Cedar County.

Matthew D. Hammes, of Locher, Pavelka, Dostal, Braddy & Hammes, L.L.C., for appellees Dennis and Mary Arens.

INBODY, PIRTLE, and RIEDMANN, Judges.

INBODY, Judge.

### INTRODUCTION

Michael and Ceil Heimes (the Heimeses) appeal the orders of the Cedar County District Court in two separate cases, which were consolidated at the trial level and have also been

- 1 -

consolidated on appeal. The first case involved the Heimeses' suit against Cedar County (County) and the second involved the Heimeses' suit against Dennis and Mary Arens (the Arenses). Both suits revolve around disputes about the flow of surface water from the Heimeses' land, over the County's land, onto the Arenses' land.

## STATEMENT OF FACTS

The Heimeses are neighbors with the Arenses. Their lands are separated by County Road 561st Avenue, with the Heimeses' land to the west of the road and the Arenses' land to the east of the road. The surface water from the Heimeses' land runs naturally east to the county road and then across the Arenses' land. In 2004, in conjunction with ongoing litigation involving the Heimeses and the County, the parties entered into a release and settlement agreement wherein the County agreed to replace the county road and changed the design to add a total of five culverts to drain the water from the Heimeses' land under the county road and onto the Arenses' land. The County agreed to maintain the culverts to allow the free flow of water. Eventually, the culverts became clogged and the Arenses diked the culverts, which caused the Heimeses' land to flood.

In 2011, the Heimeses filed an amended complaint in district court against the Arenses which alleged that the diked culverts caused their lands to flood resulting in damage and contamination. The complaint requested an injunction, alleged nuisance and trespass, and requested damages. In 2012, the Heimeses filed a supplemental complaint against the County which incorporated the allegations raised in the previous litigation, and included additional allegations of crop loss and labor for cleaning contaminated soil against the County. Both cases were consolidated at the trial level and thereafter addressed together as one.

According to the district court's September 24, 2012, order, on September 10, the parties came before the court on the Heimeses' motion to determine whether the intent of the parties as expressed in the mediation settlement agreement was ambiguous. That mediation settlement agreement was filed with the court on September 14, by the Heimeses, through a "RULE 6-1509 NOTICE OF SETTLEMENT" which indicated that "the parties entered a Mediation Settlement Agreement on September 13, 2012, which will be closed and the above captioned cause dismissed with prejudice by late fall of 2012, following professional reconsideration of the most efficient method to provide the free flow of drainage from the parties lands . . . ."

The mediation settlement agreement agreed upon by the parties indicated that by fall 2012, Mark Mainelli, an engineer with Mainelli, Wagner & Associates, Inc., would conduct an assessment of the drainage affecting the parties' properties and make recommendations to improve the existing drainage to enable the free flow of water across the properties. The agreement further provided, in part,

> The parties further agree to comply with and implement the recommendations submitted by Mainelli within 9 months or as soon as may be reasonably completed of Mainelli's written recommendations. Prior to completing his assessment and preparing his report and recommendations, Mainelli shall obtain input from each of the parties and shall review and consider the reports of the other parties' experts. . . In the event of a disagreement or conflict regarding the implementation of Mainelli recommendations, the parties agree to

obtain the services of attorney William Dittrick for purposes of resolving such conflict or dispute through mediation.

On May 6, 2013, the County filed a motion to enforce the mediation settlement agreement by ordering the dismissal of the action or other remedies. The County adopted the mediation agreement after it was approved by the Cedar County Board of Commissioners. Mainelli's initial assessment was delayed due to communications with the United States Army Corps of Engineers, but a report was completed and submitted on February 13, 2013. The parties then requested additional assessment by Mainelli, who refused any additional work until he was paid the full amount due from the first report and that Mainelli had only been paid by the County. The County sent the Heimeses and the Arenses several requests for payment, upon receipt of which the Arenses made payment. The motion contended that 4 months had passed without the Heimeses making payment which delayed the completion of the terms of the mediation agreement.

On May 7, 2013, the Heimeses filed an objection to the motion to enforce which alleged that all billings had been paid and that the plan submitted by Mainelli was not as detailed as the parties had requested and that before the mediation settlement agreement could be enforced, Mainelli should be required to develop a detailed design of his recommendations.

On May 13, 2013, the district court entered an order to approve and enforce the mediation settlement agreement. The order approved the September 13, 2012 mediation settlement agreement and the court ordered the parties to comply with the terms and requirements of the mediation agreement. The court ordered the Heimeses to pay their share of Mainelli's bills and ordered that all future bills were to be paid within 15 days of the date of the billing statement.

The next year, on February 7, 2014, the Heimeses filed a "Notice of Objection to Settlement Agreement" which set out objections to the engineering plan and recommendations for improvements by Mainelli submitted pursuant to the court-ordered mediation settlement agreement. The Heimeses' objection asserted that Mainelli's drainage plan did not conform to "a reasonably feasible application of accepted engineering and hydrology standards and principles taking into account the features of said properties and also upstream and downstream properties." The notice of objection included a report from the Heimeses' retained expert who was critical of the engineering conclusions and recommendations submitted to the parties by Mainelli.

On August 21, 2014, the district court entered an order in both cases that overruled the Heimeses' notice of objection and determined that the mediation settlement agreement was clear and unambiguous. The district court further ordered the parties to comply with the terms of the agreement and to construct improvements as recommended by Mainelli. The district court specifically stated in the order that it was overruling the objections of the Heimeses and the Arenses and that the order was a final order in both cases as to the enforceability of the mediation settlement agreement. The district court ordered each party to file a written report within 60 days of the date of the order setting out their specific plans for compliance with Mainelli's recommendations. The district court ordered:

> The Court will not entertain additional arguments regarding contests between expert witnesses in this matter. The parties agreed to abide by Mr. Mainelli's recommendations and the Court will not reopen the agreement to further battle of the experts. . . . The Court

specifically determines that this is a final appealable order and that if any party appeals either case, CI 09-43 or CI 09-83, that both cases shall be stayed regarding the enforcement of the Settlement Agreement pending final outcome of any matter that may be appealed from this Order.

The order further included directions that: "[i]n the event that the parties are unable to agree to the implementation of Mr. Mainelli's recommendations, the Court will schedule the matter for a hearing and will make such orders as are appropriate under the then existing conditions.

The Heimeses did not appeal from the August 21, 2014, order. On August 29, the Arenses filed a motion to alter and/or amend the August 21 order. On February 10, 2015, the district court entered an order denying the Arenses' motion. No party appealed from the February 10 order.

On February 17, 2015, the Heimeses filed, in both cases, a "Notice of Dispute in Implementing Mainelli's Plan, and Demand for Further Mediation." The Heimeses again set forth the same arguments as in their previous objection. On February 19, the Arenses filed a similar pleading in both cases entitled "Notice of Disagreement with Implementing Mainelli Recommendations and Demand for Mediation."

On March 16, 2015, a hearing was held on both motions. The Heimeses submitted the mediation settlement agreement and an affidavit of a civil engineer giving an opinion about Mainelli's recommendation. The Arenses submitted affidavits of themselves and a professional engineer, and the County submitted an affidavit from Mainelli. All affidavits were received into evidence by the district court. Counsel for the Heimeses and the Arenses each set forth the same basic argument that, initially, they were willing to allow an expert to make recommendations, so long as that expert followed the rules and regulations, and that Mainelli failed to follow those standards. As such, the parties wished to go back to mediation to re-sort out the problems as per the terms of the mediation settlement agreement. The County argued that the issue had already been addressed and resolved, on numerous occasions, and the parties were required to implement Mainelli's plan. The County indicated that this would be an ongoing battle of the experts because, even though their opposition to Mainelli's plan was consistent, the plans presented by each of their experts remained very different.

On June 19, 2015, the district court overruled the notices of disputes filed by both parties. The district court's order provides:

> The request by Heimes and Arens to engage in further mediation appears to ignore the plain language of the entire Mediation Agreement. The parties agreed to engage Mr. Mainelli because they were unable to make an agreement among themselves. The parties agreed to follow the recommendations of Mr. Mainelli and Mr. Mainelli has made recommendations to enable the free flow of water across their properties using the application of accepted engineering and hydrology standards. The parties further agreed to comply and implement the recommendations submitted by Mr. Mainelli (sic) within nine months.
>
> This agreement was entered into September 13, 2012. It's over two and a half years later and the parties are still arguing about whether or not to implement the recommendations of Mr. Mainelli. Further mediation would only invite further dispute

- 4 -

among the experts and clearly violates the Mediation Agreement that the parties entered into and before they notified the Court that this matter had been settled and should be removed from the trial docket. The Court has now issued several orders attempting to get the parties to follow through with the Mediation Agreement they entered into in 2012.

The Court will not order further mediation upon the current request of [the Heimes' and the Arens'] as their request is not due to a disagreement on the implementation of Mainelli's recommendation, but a disagreement as to whether the recommendations themselves should be implemented. Therefore, the request for the Court to order further mediation is DENIED.

The Heimeses have appealed from the June 19, 2015, order.

### ASSIGNMENTS OF ERROR

The Heimeses assign, consolidated and rephrased, that the district court erred in finding that the mediation agreement was clear and unambiguous and in disallowing any further mediation of disputes pertaining to Mainelli's drainage plan.

We note that the Arenses have filed an appellee's brief which assigns error in the district court's order and requests affirmative relief. It appears that the assignment of error is very similar to the merits of the Heimeses' assignments of error; however, the Arenses' specific arguments will not be addressed as the proper procedure for them to raise their arguments was through a cross-appeal, which they have not done. A cross-appeal must be properly designated, pursuant to Neb. Ct. R. of Prac. 9D(4) (rev.2000), if affirmative relief is to be obtained. *Weber v. Gas "N Shop, Inc.*, 278 Neb. 49, 767 N.W.2d 746 (2009); *Wasikowski v. Nebraska Quality Jobs Bd.,* 264 Neb. 403, 648 N.W.2d 756 (2002).

### ANALYSIS

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties. *Sutton v. Killham*, 285 Neb. 1, 825 N.W.2d 188 (2013).

The question of jurisdiction is a question of law, which an appellate court resolves independently of the trial court. *Federal National Mortgage Association v. Marcuzzo*, 289 Neb. 301, 854 N.W.2d 774 (2014).

In its brief, the County alleges that this court lacks jurisdiction to hear the merits of the Heimeses' appeal because the Heimeses have failed to appeal from a final order and have merely attempted a collateral attack on a previous order. The County contends that the district court's August 21, 2014, order was the final order from which the Heimeses should have appealed and the current appeal from the June 19, 2015, order is merely a continuation of the previous order, reiterating the district court's prior determinations. The Heimeses do not address the issue of jurisdiction and the Arenses argue that the final order is the June 19, 2015, order pursuant to Neb. Rev. Stat. § 25-1902 (Reissue 2008), and, further, the August 21, 2014, order was interlocutory because it directed the parties to perform the recommendations and also noted that if the parties were unable to agree the district court would schedule another hearing.

In accordance with § 25-1902, the three types of final orders that an appellate court may review are (1) an order that affects a substantial right and that determines the action and prevents a judgment, (2) an order that affects a substantial right made during a special proceeding, and (3) an order that affects a substantial right made on summary application in an action after a judgment is rendered. To be a final, appealable order as an order that affects a substantial right and that determines the action and prevents a judgment, the order must dispose of the whole merits of the case and leave nothing for the court's further consideration. See *Big John's Billiards, Inc., v. State*, 283 Neb. 496, 811 N.W.2d 205 (2012).

The jurisdictional issue in this case arises from the various orders entered in the case, outlined in the statement of facts, and whether the June 19, 2015, order is a final, appealable order. Briefly, again, the pertinent dates in this case are as follows:

- September 14, 2012: the Heimeses file a notice of settlement indicating that the parties had reached a mediation settlement agreement that Mainelli would conduct an assessment of the drainage problems and make recommendations and that the parties agreed to comply with and implement the recommendations made by Mainelli within 9 months
- February 13, 2013: Mainelli submitted his report and recommendation to the parties
- May 6, 2013: County files a motion to enforce settlement agreement
- May 7, 2013: the Heimeses object to the motion to enforce
- May 17, 2013: the district court approves the settlement agreement and orders the parties to comply with the terms of the agreement
- February 7, 2014: the Heimeses file an objection to the settlement agreement because they do not agree with Mainelli's design and request further mediation
- March 12, 2014: the district court takes the issue of the effect of the mediation agreement as to future litigation under advisement
- August 21, 2014: the district court finds that the settlement mediation agreement is clear and unambiguous and overruled all objections, ordered the parties to comply with the agreement, to file a report of specific compliance, and that the order is a final appealable order
- August 29, 2014: the Arenses file a motion to alter or amend and a request for rehearing to interpret the meaning of the portion of the mediation agreement which provides that disputes would be resolved through further mediation
- February 10, 2015: the district court overrules the motion to alter or amend
- February 17 and 19, 2015: the Heimeses and the Arenses file separate notices of dispute in implementing the plan and a demand for further mediation, which alleged again that Mainelli's design does not conform to the settlement mediation agreement
- June 19, 2015: the district court overruled both parties' motions and denied the requests for further mediation
- July 15, 2015: the Heimeses filed a notice of appeal from the June 19, 2015, order.

There are two orders in this case in which the court enters nearly identical judgments: the August 21, 2014, order and the June 19, 2015, order. In 2014, the parties filed objections to Mainelli's design and the enforcement of the mediation settlement agreement and in the August 21, 2014, order, the district court made four specific determinations as to the ongoing issues between the parties: (1) the mediation settlement agreement was clear and unambiguous; (2) all

pending objections were overruled and ordered the parties to comply with the agreement; (3) to construct the improvements as recommended by Mainelli and to file reports of specific compliance; and (4) to abide by Mainelli's recommendations. Additionally, in this order, the district court certified that the order is a final, appealable order. No appeal was taken from that order by either party; however, the Arenses filed a motion to alter or amend the August 21, 2014, order, which was overruled on February 10, 2015. No appeal was taken from the February 10 order. Then again, objections to Mainelli's design were raised, almost identical to those previously raised by the parties, and on June 19, 2015, the district court overruled both parties' motions and ordered the parties to comply with the mediation settlement agreement. It is not until the entry of this June order that the Heimeses filed a notice of appeal.

Based upon the record before this court, we find that the August 21, 2014, order was an order that affected a substantial right of the parties and that determined the action and prevented a judgment. See § 25-1902. As such, the August 21, 2014, order was a final, appealable order, although the Arenses filed a timely motion to alter or amend that order on August 29, which tolled the time for the parties to appeal until the district court overruled that motion on February 10, 2015. The record indicates that neither party appealed from that order. The district court issued very clear orders as to the acceptance of the mediation agreement and ordered the parties to comply with the recommendations and implement the plan. Also included is an order that "[i]n the event that parties are unable to agree to the implementation of Mr. Mainelli's recommendations, the Court will schedule the matter for a hearing and will make such orders as are appropriate under the then existing circumstances." Upon our review of the record, we find that this specific term of the court's order does not render the August order interlocutory. The court clearly orders the parties to accept and implement Mainelli's recommendations. This additional order does not allow the parties to come back to court to continue to litigate whether or not they agree with Mainelli's recommendations. They have clearly been ordered to do so by the court.

Instead, this order merely gives the parties a second option in dealing with how to implement the recommendations. In the mediation agreement, the parties agreed that, "[i]n the event of a disagreement or conflict regarding the implementation of the Mainelli recommendations, the parties agree to obtain the services of attorney William Dittrick for purposes of resolving such conflict or dispute through mediation." Therefore, the district court has now ordered that should the parties need to, they can contact William Dittrick or the court. This term in the August 21, 2014, order does not render the district court's order interlocutory. Therefore, given that a final order was entered on August 21 and no party appealed from said order or from the district court's February 10, 2015, order overruling the motion to alter or amend, we find that the entry of the June 19, 2015, order was merely a continuation of the court's August 21, 2014, order.

In *Federal Land Bank v. McElhose*, 222 Neb. 448, 384 N.W.2d 295 (1986), the Nebraska Supreme Court held that when a court's order is already in place and a subsequent order merely extends the time that the previous order is applicable, the subsequent order does not extend the time in which the original order may be appealed. This notion of the continuing order doctrine has also been extended to juvenile cases wherein the Supreme Court has reasoned that an appeal from a subsequent order that merely continues the effectiveness of a prior order is an impermissible

attack on a previous order. See *In re Interest of T.T.*, 18 Neb. App. 176, 779 N.W.2d 602 (2009); and *In re Interest of Sarah K.,* 258 Neb. 52, 601 N.W.2d 780 (1999).

A judgment is not subject to collateral attack, unless it is void for lack of jurisdiction over the parties or the subject matter. When a district court has acquired jurisdiction, its judgment, even if erroneous, cannot be collaterally assailed. *Shade v. Birk*, 227 Neb. 775, 420 N.W.2d 284 (1988); *State ex rel. Ritthaler v. Knox*, 217 Neb. 766, 351 N.W.2d 77 (1984).

Neither party has asserted that the trial court lacked jurisdiction over the parties or the subject matter and therefore, the August 21, 2014, judgment is not subject to a collateral attack. The June 19, 2015, order is merely a continuation of the district court's August 21, 2014, judgment. An appeal regarding the mediation settlement agreement should have been taken from the August 21, 2014, order which would have required the filing of a notice of appeal within 30 days from the denial of the Arenses' motion to alter or amend. Thus, we find that the current appeals were not taken from a final, appealable order, but from continuation of a previous order. The Heimeses' appeals are untimely and this court is without jurisdiction to reach the legal issues presented in these appeals.

## CONCLUSION

In conclusion, the June 19, 2015, order of the district court was not a final, appealable order, but was merely a continuation of the August 21, 2014, order. The Heimeses' appeals are an impermissible collateral attack on a previous judgment and this court is without jurisdiction to address the legal issues. Therefore, the appeals are dismissed.

APPEALS DISMISSED.