Papik, J., concurring.
 

 I concur fully in this court's decision, including the determination that we do not have jurisdiction to decide the challenge by the County Attorney's Office to the juvenile court's order removing it from the case and appointing a special prosecutor. I write separately to emphasize my belief that our opinion should not be understood as concluding that issues related to such a removal could never be reached on appeal. In this case, it was the County Attorney's Office that challenged its removal and the court's appointment of the special prosecutor. But I can envision a scenario in which an opposing party could raise the argument that a court's removal of one prosecutor and appointment of another required the court's recusal.
 

 Nebraska law recognizes some circumstances under which a special prosecutor can be appointed. Under
 
 Neb. Rev. Stat. § 23-1205
 
 (Reissue 2016), a court can appoint a special prosecutor under the limited circumstances of the "absence, sickness,
 disability, or conflict of interest of the county attorney and his or her deputies." We have held, however, that a judge's personal dissatisfaction with the county attorney's performance does not allow for the appointment of a special prosecutor under § 23-1205. See
 
 In re Complaint Against White
 
 ,
 
 264 Neb. 740
 
 ,
 
 651 N.W.2d 551
 
 (2002), citing
 
 Stewart v. McCauley
 
 ,
 
 178 Neb. 412
 
 ,
 
 133 N.W.2d 921
 
 (1965).
 

 Indeed, it does not require much imagination to conceive of potential problems that could arise if courts had the authority to remove and replace lawyers simply because the judge did not approve of the lawyers' work. One such problem is the power this would give a judge to dictate how a case is litigated. A judge with the power to remove a prosecutor based on dissatisfaction with the way the case is being prosecuted
 is a judge with the power to, in a sense, decide how the case will be prosecuted. As courts have observed in other separation of powers contexts, "the power to remove is the power to control." See
 
 In re Aiken County
 
 ,
 
 645 F.3d 428
 
 , 442 (D.C. Cir. 2011) (Kavanaugh, Circuit Judge, concurring). See, also,
 
 Bowsher v. Synar
 
 ,
 
 478 U.S. 714
 
 ,
 
 106 S.Ct. 3181
 
 ,
 
 92 L.Ed.2d 583
 
 (1986) ;
 
 Silver v. U.S. Postal Service
 
 ,
 
 951 F.2d 1033
 
 (9th Cir. 1991) ;
 
 U.S. v. Chambless
 
 ,
 
 680 F.Supp. 793
 
 (E.D. La. 1988).
 

 If a judge were to remove a prosecutor solely because of dissatisfaction with the prosecutor's work, an opposing party may be able to raise serious questions about the judge's impartiality. As we have often said, " '[a] judge must be careful not to appear to act in the dual capacity of judge and advocate.' "
 
 Torres v. Morales
 
 ,
 
 287 Neb. 587
 
 , 592,
 
 843 N.W.2d 805
 
 , 810 (2014), quoting
 
 Jim's, Inc. v. Willman
 
 ,
 
 247 Neb. 430
 
 ,
 
 527 N.W.2d 626
 
 (1995),
 
 disapproved on other grounds,
 

 Gibilisco v. Gibilisco
 
 ,
 
 263 Neb. 27
 
 ,
 
 637 N.W.2d 898
 
 (2002).
 

 But while there may be a case in which a party could argue that a court's removal of a prosecutor and appointment of a replacement crossed the line into advocacy and required the court's recusal, Heather and Robert did not do so here. While they filed motions to recuse, which are addressed in this court's opinion, the motions were filed before the appointment of the special prosecutor and no argument was made to the juvenile court that its removal of the County Attorney's Office and appointment of a special prosecutor required recusal. The issue is thus not before us in this case. See
 
 Weber v. Gas 'N Shop
 
 ,
 
 278 Neb. 49
 
 , 54,
 
 767 N.W.2d 746
 
 , 750 (2009) ("[a]n appellate court will not consider an issue on appeal that was not presented to or passed upon by the trial court").