Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
01/27/2026 08:14 AM CST

EAD Engineering, Inc., appellant, v.
Purac America Inc., doing business
as Corbion, appellee.

___ N.W.3d ___

Filed January 27, 2026.    No. A-25-080.

1. **Contracts.** The meaning of a contract is a question of law.
2. **Arbitration and Award.** Arbitrability presents a question of law.
3. **Judgments: Appeal and Error.** When reviewing questions of law, an appellate court resolves the questions independently of the lower court's conclusions.
4. **Arbitration and Award: Contracts.** Arbitration is a matter of contract, and a party cannot be required to submit to arbitration any dispute which he or she has not agreed to submit.
5. **Constitutional Law: Waiver: Intent.** A party has a constitutional right to adjudication of a justiciable dispute, and the law will not find a waiver of that right absent direct and explicit evidence of actual intent of a party's agreement to do so.
6. **Assignments: Words and Phrases.** An assignment is the transfer of some identifiable property, claim, or right from the assignor to the assignee.
7. **Contracts: Assignments.** An assignee stands in the shoes of the assignor and is bound by the terms of the contract to the same extent as the assignor.
8. **Appeal and Error.** In order to preserve each party's right to meaningful appellate review of issues presented to but not decided by the district court, an appellate court will decline to decide such issues in the first instance. Instead, it will remand to the district court with directions to consider and decide these alternative issues.

Appeal from the District Court for Washington County: Zachary L. Blackman, Judge. Reversed and remanded for further proceedings.

- 25 -

Nebraska Court of Appeals Advance Sheets
34 Nebraska Appellate Reports
EAD ENGR. v. PURAC AMERICA
Cite as 34 Neb. App. 24

Todd W. Weidemann, Bruce A. Smith, and Lexi A. Weisbeck, of Woods Aitken, L.L.P., for appellant.

Julie E. Parisi, Christopher Tillery, and Gregory S. Gerstner, pro hac vice, and Timothy J. Davis of Seigfreid Bingham, P.C., and Michael T. Gibbons, of Woodke & Gibbons, P.C., L.L.O., for appellee.

Riedmann, Chief Judge, and Moore and Bishop, Judges.

Riedmann, Chief Judge.

## INTRODUCTION

EAD Engineering, Inc. (Engineering), appeals from the order of the district court for Washington County compelling Engineering to arbitrate with Purac America Inc., doing business as Corbion (Corbion). For the reasons outlined below, we reverse the order of the district court and remand the cause for further proceedings as directed in this opinion.

## BACKGROUND

In October 2020, Corbion and Engineering entered into an "Engineering Services Agreement" (ESA). Engineering is a subsidiary of Engineering Automation & Design, Inc. EAD Constructors, Inc. (Constructors) is also a subsidiary. Stephen Lichter is the chief executive officer of Engineering Automation & Design, Engineering, and Constructors.

Lichter signed the ESA on behalf of Engineering. The ESA specified that in the agreement, Engineering was referred to as "Service Provider," and that both Corbion and "Service Provider" were referred to in the agreement separately as a "Party" and collectively as the "Parties." It contained a provision providing for judicial determination of disputes. It stated that the

> [a]greement and any dispute arising hereunder will be interpreted and governed by the Laws of the state of the State of Kansas, U.S.A., excluding its conflict of law rules. The state and federal courts located in Johnson

- 26 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
34 NEBRASKA APPELLATE REPORTS
EAD ENGR. v. PURAC AMERICA
Cite as 34 Neb. App. 24

County, Kansas will have exclusive jurisdiction for any litigation or other proceeding arising out of or relating to the [a]greement.

On May 28, 2021, Corbion and Constructors signed an "Engineering, Procurement and Construction Agreement" (EPCA). The EPCA did not define the parties to the agreement, but stated it was entered into between "Purac America, Inc., ('Owner')" and "EAD Constructors Inc. ('Contractor')." Despite "Parties" being an undefined term, the second paragraph of the scope of work provision in the EPCA provided:

> The Parties acknowledge that, prior to the execution of this Agreement, the Parties entered into a separate [ESA], dated October 13, 2020[,] between . . . Corbion and . . . Engineering . . . , which pertained to many of the engineering services to be provided for the Project . . . . For purposes of the present Agreement, and upon the execution of this Agreement, it is understood and agreed that all services, rights and obligations by and between the Parties under the [ESA] are hereby incorporated herein by this reference and merged into the present Agreement so that the present Agreement is understood to provide for all services to be provided and furnished by Contractor as one [EPCA].

The EPCA provided that the method of dispute resolution would be binding arbitration. Another provision in the EPCA recognized that "[t]he Parties acknowledge that the dispute provisions between the two agreements conflict. The Parties agree that the dispute provisions in this EPC Agreement and the General Conditions shall govern and control." Lichter signed the EPCA on behalf of Constructors. There was no signature line for Engineering.

That same day, Engineering, as assignor, and Constructors, as assignee, entered into an "Assignment and Assumption" agreement (the Assignment). The Assignment set forth Engineering's and Constructor's respective obligations. It stated in part:

- 27 -

Nebraska Court of Appeals Advance Sheets
34 Nebraska Appellate Reports
EAD ENGR. v. PURAC AMERICA
Cite as 34 Neb. App. 24

(1) Assignment. Effective as of the date of the EPC[A], Assignor hereby grants, conveys, assigns, and transfers to Assignee, its successors and assigns, any and all right, title and interest of Assignor, in and to the [ESA].

(2) Acceptance and Assumption. Effective as of the date of the EPC[A], Assignee hereby accepts and agrees to perform all of the terms, covenants and conditions of the [ESA] required to be performed by Assignor from and after the date of the EPC[A].

Lichter signed the Assignment agreement twice—once on behalf of Engineering, and again on behalf of Constructors.

In 2023, a dispute arose between Corbion and Constructors. Pursuant to the EPCA, Corbion filed a request for mediation and demand for arbitration against Constructors. Following an unsuccessful mediation between the two, the issue of joining Engineering was raised. In an amended complaint and application to stay arbitration proceedings filed by Engineering in January 2024, Engineering alleged that Corbion served Constructors with a demand for arbitration and later served Engineering with a similar demand. It sought a stay of the arbitration proceedings as to Engineering because Engineering was not a party or signatory to the EPCA. In September, Corbion filed an application to compel Engineering to arbitrate on the basis that a valid arbitration agreement existed between them in the EPCA and that Engineering had refused to arbitrate. Corbion asserted that the ESA between Corbion and Engineering was incorporated into the EPCA and that the dispute resolution provisions in the EPCA controlled.

Engineering resisted the application to arbitrate, again asserting it was neither a signatory nor a party to the EPCA. The district court found that a valid arbitration agreement existed between Corbion and Engineering. It determined that Engineering had assigned its rights under the ESA to Constructors, which signed the EPCA, which incorporated the ESA into it. It found the EPCA was an "umbrella

- 28 -

Nebraska Court of Appeals Advance Sheets
34 Nebraska Appellate Reports
EAD ENGR. v. PURAC AMERICA
Cite as 34 Neb. App. 24

agreement" that bound Engineering to its arbitration provisions. Engineering appeals.

## ASSIGNMENTS OF ERROR

Engineering assigns, reordered and restated, that the district court erred in (1) finding a valid arbitration agreement existed between Corbion and Engineering, (2) compelling arbitration, and (3) failing to interpret and enforce the clear and unambiguous terms of the ESA that expressly required judicial resolution of disputes between Corbion and Engineering.

## STANDARD OF REVIEW

[1-3] The meaning of a contract is a question of law. See *Frohberg Elec. Co. v. Grossenburg Implement*, 297 Neb. 356, 900 N.W.2d 32 (2017). Likewise, arbitrability presents a question of law. *Id*. When reviewing questions of law, an appellate court resolves the questions independently of the lower court's conclusions. *Id.*

## ANALYSIS

*Existence of Arbitration Agreement.*

Engineering assigns that the district court erred in finding that a valid arbitration agreement existed between Corbion and Engineering. The district court found that Engineering was bound to the EPCA's arbitration agreement through a theory of incorporation by reference. We disagree with this finding.

[4,5] Arbitration is a matter of contract, and a party cannot be required to submit to arbitration any dispute which he or she has not agreed so to submit. *Cullinane v. Beverly Enters. - Neb.*, 300 Neb. 210, 912 N.W.2d 774 (2018). A party has a constitutional right to adjudication of a justiciable dispute, and the law will not find a waiver of that right absent direct and explicit evidence of actual intent of a party's agreement to do so. *Id*. We therefore must first determine whether, through the contract documents, Engineering agreed to submit disputes to arbitration. Because this issue concerns the formation or existence of an arbitration agreement and not its validity,

- 29 -

Nebraska Court of Appeals Advance Sheets
34 Nebraska Appellate Reports
EAD ENGR. v. PURAC AMERICA
Cite as 34 Neb. App. 24

enforceability, or scope, we apply state law. See *Frohberg Elec. Co., supra.*

The ESA provided for judicial resolution of disputes between Corbion and Engineering. The EPCA provided for disputes to be resolved via arbitration. The EPCA incorporated by reference the ESA and acknowledged that the dispute provisions in the ESA and EPCA conflicted but that the dispute resolution provided for in the EPCA would govern. Engineering, however, did not sign the EPCA, nor does the introductory paragraph of the EPCA include Engineering as an entity executing the agreement. Therefore, it did not contractually agree to be bound to the arbitration agreement in the EPCA. However, a nonsignatory to an agreement to arbitrate may still be bound under certain circumstances.

Corbion, a signatory, is attempting to bind Engineering, a nonsignatory, to the arbitration provisions of the EPCA. "According to principles of contract and agency law, arbitration agreements may be enforced by or against nonsignatories under any of six theories: (1) incorporation by reference; (2) assumption; (3) agency; (4) alter ego; (5) equitable estoppel; and (6) third party beneficiary." 21 Richard A. Lord, A Treatise on the Law of Contracts by Samuel Williston § 57:19 at 195 (4th ed. 2017).

*Incorporation by Reference.*

The district court found that Engineering was bound to the arbitration provisions in the EPCA through a theory of incorporation by reference. It noted that arbitration agreements are enforced in Nebraska against nonsignatory parties in situations where an "umbrella agreement" includes an arbitration obligation that covers a separate, but related, agreement. It found the ESA was a separate but related agreement that had been incorporated by reference into the EPCA, making the EPCA an umbrella agreement. Engineering assigned its rights to Constructors, which signed the EPCA, which acknowledged the dispute resolutions in the ESA and EPCA were in

- 30 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
34 NEBRASKA APPELLATE REPORTS
EAD ENGR. v. PURAC AMERICA
Cite as 34 Neb. App. 24

dispute but that the EPCA would govern. Thus, the district court concluded Engineering was bound by the dispute resolution provisions in the EPCA.

We disagree with the finding that the EPCA is an umbrella agreement that binds Engineering. The district court found that the EPCA was an umbrella agreement because the ESA was incorporated into it by reference. "Under the incorporation by reference theory, a nonsignatory may compel arbitration against a party to an arbitration agreement when that party has entered into a separate contractual relation with the nonsignatory which incorporates the existing arbitration clause." *Id*. at 197. The incorporation by reference theory involves a party to a later agreement being bound by an earlier arbitration agreement, if that earlier agreement is incorporated by reference into the later agreement. That is not the situation before us.

In this case, the earlier agreement was the ESA, in which Corbion and Engineering agreed to judicial dispute resolution. The ESA was incorporated by reference into the EPCA. The EPCA did not incorporate an existing arbitration clause. It does not serve as an umbrella agreement binding Engineering to arbitrate through its incorporation by reference of the ESA. The district court erred in finding a valid arbitration agreement existed between Corbion and Engineering on this basis.

Despite the district court's finding that the ESA was the umbrella agreement, Corbion argues that the Assignment acts as an umbrella agreement and therefore binds Engineering to the arbitration clause contained in the EPCA. It cites to *Frohberg Elec. Co. v. Grossenburg Implement*, 297 Neb. 356, 900 N.W.2d 32 (2017), for the holding that a subcontract that unambiguously incorporates a general contract with an arbitration clause is binding on the subcontractor even where the subcontractor is not a party to the general contract. However, in *Frohberg Elec. Co., supra*, the general contract was in existence at the time the subcontract was entered into and the subcontract specifically provided that the subcontractor,

- 31 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
34 NEBRASKA APPELLATE REPORTS
EAD ENGR. v. PURAC AMERICA
Cite as 34 Neb. App. 24

which signed the subcontract containing the incorporation clause, agreed to be bound by the terms of the general contract, which included an arbitration clause. That is not the case here. Engineering did not agree to be bound by the arbitration agreement in the later-created EPCA by assigning the ESA to Constructors.

[6,7] An assignment is the transfer of some identifiable property, claim, or right from the assignor to the assignee. *Millard Gutter Co. v. Shelter Mut. Ins. Co.*, 312 Neb. 606, 980 N.W.2d 420 (2022). An assignee stands in the shoes of the assignor and is bound by the terms of the contract to the same extent as the assignor. *Vowers & Sons v. Strasheim*, 248 Neb. 699, 538 N.W.2d 756 (1995). Consequently, it is the assignee, not the assignor, that assumes responsibility through the assignment. Therefore, Engineering's Assignment was not an umbrella agreement and did not bind it to the arbitration clause contained in the EPCA.

*Agency and Delegation.*

On appeal, Corbion urges this court to affirm the district court's ruling under a theory of either agency or delegation to the arbitration panel. In its reply brief, Engineering argues that because Corbion did not file a cross-appeal, this court must limit itself to the issues Engineering raised in its assignments of error. We agree that we cannot affirm on the alternate bases advanced by Corbion, but because these issues were raised in the district court but not ruled upon, the matter must be remanded to the district court for its determination. See *Weber v. Gas 'N Shop*, 278 Neb. 49, 767 N.W.2d 746 (2009).

[8] In *Weber, supra*, the defendants asserted several defenses to a garnishment. The district court granted defendants' motion to dismiss on one ground but did not address the others. *Id*. On appeal, the defendants contended that the appellate court could rely upon any of the other defenses as an alternative ground for affirming the judgment of the district court. The plaintiff, however, argued that the appellate court should not

- 32 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
34 NEBRASKA APPELLATE REPORTS
EAD ENGR. v. PURAC AMERICA
Cite as 34 Neb. App. 24

consider these issues, because they were not decided by the district court and not raised by cross-appeal. *Id*. The court rejected both positions, explaining:

An appellate court will not consider an issue on appeal that was not presented to or passed upon by the trial court. An appellee's argument that a lower court's decision should be upheld on grounds specifically rejected below constitutes a request for affirmative relief, and the appellee must cross-appeal in order for that argument to be considered. Here, the alternative defenses were presented to the district court, but the court did not reach or decide their merits. Accordingly, there was no ruling on these defenses from which a cross-appeal could have been taken. In order to preserve each party's right to meaningful appellate review of issues presented to but not decided by the district court, we decline to decide such issues in the first instance. Instead, we remand to the district court with directions to consider and decide whether the garnishment proceeding is barred by any of the alternative defenses asserted by [defendants]. This determination should be made on the existing record, unless the parties agree that the record may be reopened and expanded.

*Id.* at 54-55, 767 N.W.2d at 750-51. See, also, *Darling Ingredients v. City of Bellevue*, 309 Neb. 338, 960 N.W.2d 284 (2021).

In the district court, Corbion filed an application to compel arbitration, citing both the existence of a valid arbitration agreement and a delegation of authority to the arbitrators to decide the issue of arbitrability. As to the existence of a valid arbitration agreement, in its reply to Engineering's resistance to the application to compel arbitration, Corbion relied upon incorporation by reference and agency theories. It argued that "at the very least, . . . Constructors and Lichter were acting as the duly authorized agents of . . . Engineering" when the EPCA was signed, and therefore, "Engineering is bound to

- 33 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
34 NEBRASKA APPELLATE REPORTS
EAD ENGR. v. PURAC AMERICA
Cite as 34 Neb. App. 24

arbitrate any disputes . . . by virtue of the assignment and relationship of the parties." The district court's order did not address either agency or delegation. As in *Weber, supra*, Corbion's request that this court affirm on a ground not specifically rejected by the district court is not a request for affirmative relief. As such, Corbion was not required to file a cross-appeal.

The district court found that Engineering was bound to the arbitration provisions of the EPCA based on a theory of incorporation by reference of an umbrella agreement. It did not address the issue of agency or delegation. We will not consider an issue not addressed by the district court. See, *Weber, supra*; *Darling Ingredients, supra*. However, because Corbion raised these issues in the district court and it failed to address them, we remand the cause to the district court to consider these issues on the existing record, unless the parties agree that the record may be reopened and expanded.

*Remaining Assignments of Error.*

Engineering's remaining assignments of error are subsumed by the above analysis. Because we have determined that the district court erred in finding a valid arbitration agreement existed between Corbion and Engineering on an incorporation by reference theory and that remand of the cause is necessary for a determination of Corbion's other theories, we need not separately address Engineering's remaining arguments.

## CONCLUSION

For the reasons discussed above, we reverse the order of the district court and remand the cause for further proceedings as directed in this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.